IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO,

                          Petitioner,                                          ORDER

         v.                                                             09-cv-218-bbc

CHIPPEWA CIRCUIT COURT,
The Honorable Steven Clay presiding,
and BRAD HOMPE, Warden,
Stanley Correctional Institution,

                          Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Daniel Z. Maldonado is an inmate at the Stanley Correctional Institution in Stanley, Wisconsin. He has filed a pleading titled "Petition for Habeas Corpus and/or Injuctive [sic] Relief" and requests leave to proceed in forma pauperis with the action under 28 U.S.C. § 1915. Also, petitioner has filed a "Motion for Liberal Interpretation" of his pleading. Unfortunately, petitioner's pleading cannot be processed until he advises the court how he wishes it to be treated.

In his pleading, petitioner claims that he has been wrongfully charged with simulating legal documents in a Wisconsin John Doe proceeding. In particular, he states that a

1

Wisconsin Department of Corrections attorney (who is not listed as a respondent) filed the baseless complaint in retaliation for plaintiff's bringing the John Doe case against Department of Corrections officials. Petitioner requests a litany of different remedies, including dismissal of the criminal case or transfer of the case to this court; directing the Dane County District Attorney to file a criminal complaint against the Department's attorney, the Department of Corrections itself, or both; and "[a]ny other relief and/or injunction[s] the Federal Court deems applicable and prudent."

Ordinarily, the injury alleged in a claim, and not the relief sought, determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). Petitioner alleges that he faces erroneous criminal charges for simulating legal documents because of a groundless complaint filed by a Department of Corrections attorney. Although petitioner's pleading is titled in part as one for habeas corpus, such relief is not available to him because he is not in custody pursuant to these criminal charges. 28 U.S.C. § 2254 allows prisoners to challenge decisions that place them "in custody." Petitioner is in custody pursuant to a prior conviction, and he has had not yet had additional penalties imposed on him under the new charges. Thus it appears that his case is more appropriately brought as a civil rights action under 42 U.S.C. § 1983.

The Court of Appeals for the Seventh Circuit has given somewhat mixed signals in

2

advising the district courts how to handle pleadings that are mislabeled by a pro se prisoner. In Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), the court stated that a "district court [is] not authorized to convert a § 1983 action into a § 2254 action. . . . When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." In Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998), however, the court held that the district court had erred in refusing to convert a habeas corpus action into a mandamus action if that was how the suit should have been styled. The court wrote, "If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over." Id. at 510. See also Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) (considering merits of habeas corpus petition brought under § 1983).

One way that these cases can be reconciled is if they are interpreted not as setting forth rigid rules without exceptions but as general guidelines that should be followed when the reasons for doing so are present. In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

3

In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claim in the context of a petition for a writ of habeas corpus. The filing fee for § 1983 actions is $350 as opposed to $5 for actions brought under 28 U.S.C. § 2254. Further, in habeas corpus actions, the proper respondent is petitioner's custodian; in § 1983 actions, a petitioner may proceed against any state actor who is alleged to have been personally involved in violating his constitutional rights, or even non-state actors if they willfully participate with state officials in joint activity that deprives him of his constitutional rights. Mark v. Furay, 769 F.2d 1266, 1272-73 (7th Cir. 1985). Finally, actions under § 1983 are subject to the 1996 Prison Litigation Reform Act, while habeas corpus actions are not. Petitioner has previously filed at least three lawsuits in this court that were dismissed as legally frivolous or for failure to state a claim upon which relief may be granted. Maldonado v. Wisconsin Department of Corrections; 07-cv-673-bbc, decided March 6, 2008; Maldonado v. Nolet, 08-cv-279-bbc, decided September 22, 2008; Maldonado v. Hompe; 08-cv-308-bbc, decided September 22, 2008. Because he has struck out under 28 U.S.C. § 1915(g), he would have to prepay the entire $350 filing fee for a § 1983 action unless he alleges in his complaint that he is in imminent danger of serious physical injury. His current pleading does not.

In sum, although I will not dismiss this case, I decline to convert petitioner's action until he has clarified his intentions. I will give petitioner until May 8, 2009, in which to

4

inform the court in writing whether he wants his case to be treated as a § 1983 action or as a petition for a writ of habeas corpus. Petitioner should bear in mind that if he chooses to proceed under § 2254 or fails to respond to this order, I will promptly dismiss the case on the ground that petitioner has not alleged facts entitling him to habeas corpus relief.

If petitioner chooses to proceed in a civil action under § 1983, he should submit an amended complaint identifying the individual respondents who are alleged to have violated his rights, and to explain what they did and when they did it. Also, petitioner should add these individual respondents to the caption of his amended complaint. In addition, because petitioner has struck out under 28 U.S.C. § 1915(g), he must submit the full $350 filing fee with his amended complaint. At that point I will proceed to screen his claims to determine whether any or all of them must be dismissed at the outset pursuant to § 1915(e)(2).

However, petitioner should be aware that as a general rule, district courts are required to abstain from issuing injunctions against ongoing state court proceedings, particularly with respect to criminal cases. Younger v. Harris, 401 U.S. 37, 45 (1971) ("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"). Thus, if petitioner seeks to challenge the ongoing criminal prosecution against him in a § 1983 action, under Younger this court will be barred from granting him any relief. If petitioner believes that his rights are being violated in the context of that proceedings, he should raise his claims before the state court judge or on appeal. General

5

Auto Service Station LLC v. City of Chicago, 319 F.3d 902, 904 (7th Cir. 2003).

Finally, as for petitioner's "Motion for Liberal Interpretation" of his pleading, I will deny his motion as unnecessary. Once petitioner informs the court how he wishes to proceed, I will liberally construe his pleading because all pro se pleadings are to be given a liberal construction. Haines v. Kerner, 404 U.S. 519 (1972).

ORDER

IT IS ORDERED that:

1. Petitioner may have until May 8, 2009, in which to inform this court whether he wishes the court to treat his pleading as a petition for a writ of habeas corpus 28 U.S.C. § 2254 or as a complaint in a civil action under 42 U.S.C. § 1983.

2. If, by May 8, 2009, petitioner fails to respond to this order, I will treat his action as a habeas corpus action and dismiss it for his failure to raise a claim cognizable in habeas corpus.

3. If petitioner advises the court that he wishes his action treated as a § 1983 action, his notification must be accompanied by a proposed amended complaint in which he identifies the individual respondents who are alleged to have violated his rights, and to explain what they did and when they did it. Also, petitioner should add these individual respondents to the caption of his amended complaint. Finally, petitioner must submit the

6

full $350 filing fee with his amended complaint.

    4. Petitioner's "Motion for Liberal Interpretation" of his pleading is DENIED as unnecessary.

    Entered this 17th day of April, 2009.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge