IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO,

                Plaintiff,                        ORDER

        v.                                        09-cv-218-bbc

ANDREA L. OLMANSON,
Asst. Legal Counsel, WISCONSIN
DEPARTMENT OF CORRECTIONS,
TIMOTHY HOINES, Deputy Warden and
STANLEY CORRECTIONAL INSTITUTION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered May 21, 2009, I denied plaintiff Daniel Z. Maldonado's motion for leave to proceed in forma pauperis on his amended complaint in this action because he failed to allege he was in imminent danger of serious physical harm. This was required of him because he had previously struck out under 28 U.S.C. § 1915(g). I gave him until June 10, 2009 to pay the full $350 filing fee for this case or the case would be closed. Plaintiff failed to pay the filing fee by June 10, 2009 and the case was closed.

Now plaintiff has filed a motion for reconsideration of the order denying him leave to proceed in forma pauperis as well as a motion for a temporary restraining order. I will

1

deny both motions.

Plaintiff's claims in his amended complaint were that defendant Andrea Olmanson, a Wisconsin Department of Corrections attorney, tried to "infiltrate" a state John Doe proceeding and filed a groundless criminal complaint against plaintiff, and that defendant Timothy Hoines refused his requests for an extension of his legal loan. Plaintiff alleged he was in imminent danger because he was starving himself by bartering his food with other prisoners in order to obtain the legal materials he was denied by defendant Hoines's refusal to extend his legal loan. I concluded plaintiff failed to show he was in imminent danger because his allegations of imminent danger were too indirectly related to his actual claims against defendants. I stated the following:

> In the present case, plaintiff does not allege that defendants are violating his constitutional rights by withholding his food or failing to stop his plan to trade away his meals. Even if he did bring these claims, he would be allowed to proceed under the imminent danger exception only on those claims, rather than the claims that fail to provide a direct relationship between defendants' actions or inactions and the imminent danger faced by plaintiff. To hold otherwise would eviscerate the three strikes rule by allowing plaintiffs who have struck out to proceed on any claim merely by including an allegation of attempted self harm in protest of a decision made by prison officials.

In plaintiff's motion for reconsideration, he states new reasons for why he was in imminent danger at the time he filed his complaint, such as dangerous cell conditions and a lack of medical treatment. However, these allegations are even further removed from the actual claims contained in his complaint than his previous allegations of imminent danger. It

2

makes no sense to allow plaintiff to proceed under the imminent danger exception when his underlying claims have nothing to do with the danger he now claims he faced while incarcerated. Accordingly, I will deny plaintiff's motion for reconsideration. Because I am not allowing plaintiff to proceed on his claims, I will deny also his motion for a temporary restraining order.

## ORDER

IT IS ORDERED that:

1. Plaintiff Daniel Z. Maldonado's motion for reconsideration of the court's May 21, 2009 order denying him leave to proceed in forma pauperis in this action, dkt. #12, is DENIED.

2. Plaintiff's motion for a temporary restraining order is DENIED.

Entered this 3d day of September, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge